UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RSR SALES, INC.
d/b/a EchoValley Products,
a Michigan Corporation,

      Plaintiff,                            Case No.: 21-cv-10616

v.                                         Judge:

REGAL ART & GIFTS, INC.

      Defendant.
_____

## COMPLAINT

Plaintiff RSR SALES, INC. d/b/a EchoValley Products ("Plaintiff" or "RSR"), files this Complaint against the Defendant REGAL ART & GIFTS, INC. ("Defendant"), and alleges the following:

## JURISDICTION AND VENUE

1. This is a civil action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 271, 281 and 283.

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1338(a), as this action arises under an Act of Congress relating to patents.

3. Venue is properly established in this Court pursuant to 28 U.S.C. §1400 and 28 U.S.C. § 1391(b) and (c), as, upon information and belief, the Defendants are deemed to reside in this Judicial District and/or have engaged in acts of infringement

within the jurisdiction of this Court, including this Judicial District, which acts are the subject of this Complaint and Defendants have a regular and established place of business in this District.

## PARTIES

4. Plaintiff RSR is a Michigan corporation with offices at 232 Haeussler Ct., Ann Arbor, Michigan 48103.

5. Defendant Regal Art & Gifts, Inc. is a California corporation with offices at 1470 Civic Court #150, Concord, California 94520.

## COUNT I
## PATENT INFRINGEMENT OF U.S. PATENT NO. 10,364,953

6. On August 30, 2019, the United States Patent and Trademark Office issued United States Patent No. 10,364,953, entitled SOLAR-POWERED LANTERN WITH SIMULATED EDISON BULB (the " '953 Patent" a copy of which is attached as **Exhibit A**).

7. The '953 Patent issued to inventor Richard Cohen ("Inventor").

8. Plaintiff is the exclusive assignee of the '953 Patent and has been granted all right, title and interest in and to the '953 Patent.

9. Upon information and belief, Defendant, well knowing of the '953 Patent, has been infringing the '953 Patent by offering for sale and selling one or more

devices, including the "Edison 1-Light Outdoor Hanging Lantern" product depicted in **Exhibit B,** which infringe upon at least claim 1 of the '953 Patent (see CLAIM CHART of **Exhibit C**). Defendant markets and sells such Lanterns with varying shade configurations, all of which infringe the '953 Patent.

10. Defendant has been selling infringing products through its own website, www.regalgift.com, as well as through the websites of other retailers, including Wayfair (*See* https://www.wayfair.com/lighting/pdp./regal-art-gift-edison-1-light-outdoor-hanging-lantern-jte10292.html).

11. Defendant maintains and operates a sales outlet in this Judicial District (in Livonia, Michigan), and Defendant's Internet website includes an active e-commerce component enabling prospective customers in this Judicial District to purchase infringing products directly from Defendant.

12. These infringing articles, as alleged above, have not been manufactured or authorized in any manner by Plaintiff, nor has the Defendant ever been authorized or otherwise granted the right to manufacture, offer for sale, sell or otherwise distribute devices made according to the '953 Patent.

13. The Defendant had notice of its infringement, as prescribed in 35 U.S.C. §287, and upon information and belief has willfully infringed the '953 Patent.

14. Upon information and belief, Defendant will continue to infringe the '953

Patent, to the irreparable damage of Plaintiff, unless enjoined by this Court. Plaintiff has no adequate remedy at law, and will continue to suffer harm, including monetary harm, unless the unlawful infringement is enjoined by this Court.

15. Plaintiff manufactures products protected by its '953 Patent, and has been duly marking such products under the Federal Marking Statute.

**WHEREFORE,** Plaintiff requests that this Court grant Judgment in its favor, and award it the following relief:

1. Declare that the Defendant's acts and conduct infringe the '953 Patent and the exclusive rights in said Patent held by Plaintiff;

2. Declare that such infringement was willful;

3. Pursuant to 35 U.S.C. §283, enter injunctive relief against Defendant which:

   a. Enjoins the Defendant, its officers, agents, employees, privies, subsidiaries, successors, and assigns and all holding by, through or under them, and all those acting for them or in their behalf, from infringing upon the '953 Patent; and

   b. Enjoins the Defendant, its directors, officers, agents, employees, representatives, and all other persons in active participation with them, to recall products which infringe upon the '953 Patent, and requires Defendant to file

with this Court and to serve upon the Plaintiff, within 30 days after service of the Court's Order as herein prayed, a report in writing under oath setting forth in detail the manner and form in which Defendant has complied with the Court's Order;

4. Require the Defendant to account to Plaintiff for all profits and expenses realized by Defendant and any subsidiaries of Defendant;

5. Pursuant to 35 U.S.C. §284, award the Plaintiff damages adequate to compensate for the infringement, but in no event less than a reasonable royalty, together with interest and costs, taking account of Plaintiff's actual damages and Defendant's profits as a result of the infringement;

6. Pursuant to 35 U.S.C. §284, order that any award of damages be trebled;

7. Pursuant to 35 U.S.C. §285, find that this case is exceptional and award the Plaintiff reasonable attorney fees as the prevailing party.

8. That the Court, on all claims for relief, grant an award of compensatory, consequential, statutory, and punitive damages to Plaintiff in an amount to be determined at trial.

9. That the Court grant such other and further relief as the equity of the case may require and as this Court may deem just and proper, together with costs and disbursements of this action, including attorneys' fees.

Respectfully submitted,

HOOPER HATHAWAY, P.C.

Dated: March 19, 2021         BY:   /s/Angela L. Jackson
                                    Angela L. Jackson (P53930)
                                    126 South Main Street
                                    Ann Arbor, MI  48104
                                    (734) 662-4426
                                    ajackson@hooperhathaway.com
                                    Attorney for Plaintiff


                                    John G. Posa (P49445)
                                    LAW OFFICES OF JOHN G. POSA
                                    2075 W. Stadium Blvd.
                                    Box 1109
                                    Ann Arbor, MI 48106
                                    (734) 355-2005
                                    john@posa.law
                                    Co-counsel for Plaintiff

## **JURY DEMAND**

Pursuant to Federal Rule of Civil Procedure 38, a jury trial is hereby requested on all issues triable of right by jury.

Respectfully submitted,

HOOPER HATHAWAY, P.C.

Dated: March 19, 2021            BY:   /s/Angela L. Jackson
                                       Angela L. Jackson (P53930)
                                       126 South Main Street
                                       Ann Arbor, MI  48104
                                       (734) 662-4426
                                       ajackson@hooperhathaway.com
                                       Attorney for Plaintiff


                                       John G. Posa (P49445)
                                       LAW OFFICES OF JOHN G. POSA
                                       2075 W. Stadium Blvd.
                                       Box 1109
                                       Ann Arbor, MI 48106
                                       (734) 355-2005
                                       john@posa.law
                                       Co-counsel for Plaintiff